(26 Misc. Rep. 744.)

KRUMENACKER v. BETZ.

(Supreme Court, Appellate Term. March 24, 1899.)

UNILATERAL CONTRACT—VALIDITY.

A beer brewer, having made sales to customers of a beer bottler at a less price than that the bottler had been charging them, agreed that for every box of beer thereafter sold by him to such customers he would give the bottler credit on his account for a stated sum. *Held,* that the agreement was without consideration.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Albert Krumenacker against John F. Betz. There was a judgment for defendant, and plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

J. Baldwin Hands, for appellant.

Paskusz & Cohen, for respondent.

MacLEAN, J. A beer bottler and a beer brewer agreed, not under seal, as follows:

"In view of the existing contracts of John F. Betz Bottling Department, through their salesman, * * * the following arrangement is entered into, and confirmed by both parties, by their respective signatures annexed hereto: The four parties [named] are to be served by John F. Betz Bottling Department, and seven and one-half (7½) cents is to be credited, for each box so delivered on their respective contract, to Albert Krumenacker's account. It is again mutually agreed that no Betz beer is sold by either parties to anybody that does not come under the clause particularly provided for by this contract under sixty (60) cents net. No rebates or discounts of any kind to be allowed by the respective parties or their agents."

For a while the brewer made the credits on a prior indebtedness of the bottler, but later declined. Then the bottler brought this action upon "the agreement," which he introduced in evidence, together with proof of sales made by the defendant to the four parties named, and said, on cross-examination, that, before the arrangement was entered into, the agent of the defendant went to his customers, and offered the beer cheaper than he sold it to them; that he sold it for 60 cents, and defendant's agent sold it for 55 cents; that he complained to the agent, who said, "I will make it good," and thereupon the agreement was signed by the plaintiff and by the defendant's attorney in fact. Counsel on his behalf excluded all further questioning of him respecting statements or engagements made as to the agreement, both before and after it was signed, with, "The contract speaks for itself." After the plaintiff rested, and the defendant's counsel had moved for a dismissal on the ground of failure of consideration, and the justice had intimated that it looked to him like a mere gift, the case was reopened, the plaintiff recalled, and to the question by his attorney, "What was the reason for this contract being executed?" answered, "Because they sold the beer for fifty-five cents, and for that reason I could not make any money." After plaintiff again rested, the motion for dismissal was renewed by the defendant's counsel. The plaintiff's counsel asked to go to the jury. That request was denied, and an exception taken. Thereafter judgment was rendered for the defendant.

As explained by himself, the "agreement" bound the plaintiff to nothing except continuance in the desuetude to which he was already constrained by circumstances beyond his control. There was thus no act or forbearance, or promise thereof, offered by the plaintiff to, and accepted by, the defendant, as an inducement to enter into the agreement, which therefore cannot be enforced; for the laws of this state supply no means, nor afford any remedy, to compel

the performance of an agreement made without valuable considera-tion, which may be neither past fact, nor mere motive, nor some-thing to be imagined by the court, even upon ingenious suggestion of counsel.

The judgment should be affirmed, with costs.

FREEDMAN, P. J. The agreement upon which this action was brought was a unilateral one. It bound the plaintiff to nothing and he parted with nothing on the faith of it. The defendant received no consideration whatever. The judgment for the defendant is there-fore right on the merits.

The judgment should be affirmed, with costs.

LEVENTRITT, J., concurs.